## WINFIELD et al. v. LEVITAN et al.
### No. 16474.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1936.

Johnston Armstrong, of New Orleans, for appellants.

Herman L. Midlo, of New Orleans, for appellees.

JANVIER, Judge.

Defendants are the owners of the property in this city known as No. 2608–10 Clara street. They leased this building to Alice Winfield, daughter of plaintiffs, who resided with their said daughter.

It is alleged that on the morning of September 16, 1935, at about 8 o'clock, as Julia Winfield, mother of Alice and wife of Sanders Winfield, the other plaintiff, attempted to go down the rear stairs leading from the back door of the building into the yard, the said stairs, or steps, "broke loose from the house" and that she "was thrown with great violence to the ground," sustaining serious injuries accompanied by great pain. Charging that the fall resulted from the defective condition of the said steps and that the defendants, as owners, are made liable by the laws of this state for all damage and consequential loss, plaintiffs seek redress, Julia Winfield for her pain and suffering and Sanders Winfield for the medical expenses which he alleges were made necessary by his wife's injuries.

Defendants admit that they own the building referred to and that they leased it to the daughter of plaintiffs, but they deny that they are liable, charging that "on the morning of the 16th of September, 1935, and before said alleged accident, John Winfield, plaintiffs' son, separated the steps with an axe from the house, all to the knowledge of plaintiffs." In other words, they allege, in effect, that Julia Winfield was not injured as the result of the unexpected collapse of the steps, which were removed by her son intentionally in order that injuries which she had otherwise sustained might be made to appear as having been caused by the said collapse. They do not charge in their answer that she had sustained the said injuries otherwise, but there is evidence to that effect, which we shall later discuss.

In the court below there was judgment dismissing plaintiffs' suit, and they have appealed.

The evidence is, of course, in conflict on the main point at issue, plaintiffs, their son, and others testifying that neither the said son nor any one else did anything to the said steps to cause them to give way and that the sole and only reason for the fall thereof was their inherent defective condition. On the other hand, a next door neighbor testifies that on the morning in question she had heard a noise in the rear of the house occupied by plaintiffs and that, in "peeping" through a crack in the fence, she had seen the aforementioned son, with the assistance of an ax, knock loose one end of the principal support of the steps and then pry off the other end. The father of the girl who so testifies states that on the evening prior to the day on which it is alleged that the accident occurred he saw Julia Winfield as she returned home and that she was then in an apparently injured condition, as she came in an automobile and required assistance in walking from the said car to her home. This damaging testimony is vehemently contradicted by plaintiffs, who state that they were not on friendly terms with their neighbors and who seek to attribute their neighbors' testimony to animosity resulting from a pre-existing feud. It appears that the steps in question had been constructed only one year prior to the occurrence referred to and their condition, as they were exhibited in court, was not nearly so bad as plaintiffs would have us believe, and this in spite of the fact that on three different occasions they have been removed for exhibition in court and have, after each such exhibition, been replaced at the rear of the building.

The evidence of plaintiffs' witnesses as to the exact nature of the fall and as to the location of Julia Winfield after the fall is so conflicting as to lead us to believe that they are mistaken when they testify that she fell when the steps gave way. She herself states that when she placed her foot on the upper step the entire unit, in one piece, slipped forward, away from the building, and that she fell between the steps and the building itself. Another witness testifies most positively that after she fell she lay on top of the steps, and a third witness, another member of her family, states that she fell forward and into the yard beyond the steps. There is evidence to the effect that after the accident the steps were placed in position and not nailed and that

a man weighing 200 pounds stepped upon them and descended by them and that they did not slip.

We revert to the fact that there is evidence to the effect that plaintiff received injuries in some other manner on the evening before the day on which she claims she was hurt merely for the purpose of stating that counsel for plaintiff objected to this evidence on the ground that there was no allegation in the answer to the effect that the injuries had been received otherwise than as alleged by plaintiff. Defendants' answer that the steps were intentionally cut away obviously raises the issue of whether plaintiff's injuries were received when the steps fell, or not, and it was entirely competent for the defendants to offer evidence showing that the injuries were otherwise received.

A review of the record convinces us that the finding of the court below was not erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.